**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| WALTER WILLIAMS, individually and on behalf of other persons similarly situated, | |
| Plaintiff, | Case No. 1:24-cv-11683 |
| v. | |
| PURE FREIGHT LINES LTD., an Illinois corporation, and MOTIVE TECHNOLOGIES, INC., a Delaware Corporation, | |
| Defendants. | (Illinois Circuit Court, Cook County, Case No. 2024-CH-05618) |

## MOTIVE TECHNOLOGIES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Motive Technologies, Inc. ("Motive") hereby removes this action—originally filed as case number 24-CH-05618 in the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action")—to the United States District Court for the Northern District of Illinois, Eastern Division.

By filing this notice of removal, Motive does not admit the allegations or theories in Plaintiff's Complaint or waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Motive also hereby reserves the right to amend or supplement this notice of removal.

In support of removal, Motive provides the following "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). This statement "need not contain evidentiary submissions." *Id.* at 84. Rather, the notice of removal requires only "plausible allegations" that the requirements for removal are met. *Id.* at 89. Motive accordingly states as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff Walter Williams originally filed the State Court Action on June 14, 2024. *See* **Exhibit 1** (original complaint). The original complaint only named Pure Freight Lines Ltd. ("Pure Freight") as a defendant. The original complaint asserted a single claim on behalf of Plaintiff and a putative class under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*.

2.      On October 16, 2024, Plaintiff filed an amended complaint (hereinafter, the "Complaint") adding Motive as a defendant. Plaintiff served the Complaint on Pure Freight on October 16th and on Motive on October 17th. The Complaint again asserts a single claim on behalf of Plaintiff and a putative class under BIPA. Copies of all process, pleadings, and orders served upon Motive in this matter are attached as **Exhibit 2**. *See* 28 U.S.C. § 1446(a).

3.      Removal is timely because Motive filed this notice within 30 days of service of the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B).

4.      Motive's sole co-defendant, Pure Freight, consents to removal. *See* 28 U.S.C. § 1446(b)(2)(C). *See* **Exhibit 3** (Pure Freight consent). *But cf.* 28 U.S.C. § 1453(b) (noting that "the consent of all defendants" is not necessary when the removed action is a "class action").

5.      Removal to this Court is proper because it is the "district court of the United States for the district and division embracing [Cook County,] where the [State Court Action] is pending." 28 U.S.C. § 1441(a).

6.      As set forth in greater detail below, this Court has diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-15, because minimal diversity exists and the amount in controversy exceeds $5,000,000.

**BACKGROUND**

7.      Plaintiff alleges that he is a resident of the State of Illinois. Complaint ¶ 14. Defendant Pure Freight is an Illinois corporation with its principal place of business in Illinois. *Id.* ¶ 13. Defendant Motive is a Delaware corporation, *id.* ¶ 12, with its principal place of business in San Francisco, California. *See* 28 U.S.C. § 1332(c)(1) ("a corporation" is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (interpreting "principal place of business" to mean "a corporation's headquarters").[1]

8.      The Complaint alleges that Defendants violated BIPA because Motive sells, and Pure Freight uses, "camera monitoring systems" that allegedly "collect[] drivers' facial biometrics in order to monitor their driving," but without receiving drivers' "written consent," as required by BIPA. *Id.* ¶¶ 4-6, 17-26, 46-52. The Complaint claims that "Motive's biometrically enabled cameras are utilized in hundreds of trucks driven in Illinois, including trucks operated by Defendant Pure Freight." *Id.* ¶ 24.

9.      The Complaint alleges that Plaintiff "worked as a truck driver for Pure Freight during 2023," that Plaintiff was subjected to "biometric monitoring through the Motive cameras . . . to determine if he was engaged in any unsafe driving behavior," but that "at no point was" Plaintiff "informed that Defendants were collecting his facial biometrics," nor did he "provide any form of written consent to Defendants to collect his facial biometrics." *Id.* ¶¶ 26-29.

---

[1] *See* https://www.linkedin.com/company/motive-inc/about/ (listing "headquarters" as "San Francisco"); *Bond v. Motive Techs., Inc.*, No. 3:24-cv-1215 (N.D. Cal.), Dkt. 12 ¶ 6 (admitting in publicly filed answer that Motive's "main corporate office is located within the geographic jurisdictional boundaries of the United States District Court for the Northern District of California"); *see also Criteo SA v. Unique USA, Inc.*, 2019 WL 3252958, at *1 n.1 (D.S.C. July 19, 2019) (taking judicial notice of company's "LinkedIn page" "for the purpose of describing the nature of [a defendant's] business"); *Johnson v. Prologis NA2 U.S., LLC*, 2022 WL 13800427, at *4 (N.D. Cal. Oct. 20, 2022) (looking to "company website" to determine "corporate headquarters"); *Langone v. Miller*, 631 F. Supp. 2d 1067, 1070 (N.D. Ill. 2009) ("The Court is also allowed to take judicial notice of matters in the public record, such as filings in other courts.").

10.     Plaintiff "seeks to represent a Class" of individuals "who were employed as drivers in Illinois during the relevant statute of limitations who were subject to [Motive's] in-cabin camera monitoring system within the State of Illinois." *Id*. ¶ 36. Plaintiff also seeks to represent a "Subclass" of individuals "who were employed by [Pure Freight] in Illinois during the relevant statute of limitations who were subject to [Motive's] in-cabin camera monitoring systems within the State of Illinois." *Id*.

11.     The Complaint alleges that "Defendants collected, captured, or otherwise obtained Plaintiff's and the other Class and Subclass members' facial 'biometric identifiers'" without consent, *i.e.*, committed a BIPA violation, "every day that they drove a truck equipped with a Motive in-cabin monitoring camera." *Id*. ¶ 48.

12.     In the Prayer for Relief, the Complaint requests: (1) the certification of a class, the appointment of Plaintiff as class representative, and the appointment of Plaintiff's counsel as class counsel; (2) a declaration "that Defendants' actions . . . violate BIPA"; (3) "injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class and Subclass by requiring Defendants to comply with BIPA's requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information"; (4) "statutory damages of $5,000 for each willful and/or reckless violation of BIPA"; (5) "statutory damages of $1,000 for each negligent violation of BIPA"; (6) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to" BIPA; (7) "pre- and post-judgment interest"; and (8) "such other and further relief" that the Court "deems just and equitable." *Id*. at 12-13.

## REMOVAL IS PROPER UNDER CAFA

13.     As amended by CAFA, 28 U.S.C. § 1332(d) grants U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the

proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2), (d)(5)(B).

14.     **This is a "class action" under CAFA.** Because Plaintiff invokes procedures "authorizing an action to be brought by 1 or more representative persons as a class action," this matter qualifies as a "class action" for purposes of CAFA. 28 U.S.C. § 1332(d)(1)(B).

15.     **The putative class contains at least 100 members.** Under controlling precedent, Motive "may rely on the estimate of the class number set forth in the complaint." *Sabrina Roppo v. Travelers Commercial Ins. Co*., 869 F.3d 568, 581 (7th Cir. 2017). Here, Plaintiff alleges that the putative class numbers in the "hundreds." Complaint ¶ 24.

16.     **The amount placed in controversy exceeds $5,000,000.** The amount in controversy under CAFA is determined by aggregating "the claims of the individual class members." 28 U.S.C. § 1332(d)(6). The burden for removing under CAFA is low and requires only "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005); *accord Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (plausible, good-faith estimate). Motive need not "confess liability" or offer "proof" of damages, since it may rely on "what the plaintiff is claiming." *Spivey v. Vertrue, Inc*., 528 F.3d 982, 986 (7th Cir. 2008).

Here, Motive denies, among other things, that statutory damages may be awarded, or that certification of a class is appropriate. However, solely for the purposes of removal, the amount in controversy is determined by what Plaintiff claims is at stake. And here, the Complaint alleges $5,000 in statutory damages per supposed violation of BIPA, Complaint ¶ 12, for a class allegedly containing "hundreds" of members, *id*. ¶ 24. That calculation, relying on Plaintiff's

allegations, exceeds $5,000,000.

*First*, Plaintiff seeks $5,000 per "violation" (Complaint ¶ 53) and identifies five purported violations in his single count complaint: a violation of 14/15(b)(1), two violations of 14/15(b)(2), a violation of 14/15(b)(3), and a violation of 14/15(a). Complaint ¶¶ 50(a)-(e).

*Second*, the Complaint alleges that Defendants collected, captured, or otherwise obtained Plaintiff's and the other Class and Subclass members' facial 'biometric identifiers'" without consent, *i.e.*, committed a BIPA violation, "*every day* that they drove a truck equipped with a Motive in-cabin monitoring camera." *Id.* ¶ 48. Thus, Plaintiff seeks $25,000 per day (5 violations x $5,000) for each driver in his purported class.

*Third*, Plaintiff seeks these damages of $25,000 per day for a class of greater than 200 drivers (the minimum of the "hundreds" alleged by Plaintiff). That means that the amount in controversy threshold would be reached with each driver working just a single day: 200 drivers x 25,000 = $5,000,000. The reality is that there are more than 200 drivers in the purported class, and it is a practical certainty that the vast majority of those drivers worked more than a single day. Thus, the amount in controversy is satisfied.

17.    **Minimal diversity exists.** Plaintiff, an Illinois resident, and Motive, a Delaware corporation with its principal place of business in California, satisfy the minimal-diversity requirements under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (holding that diversity existed where Illinois class representatives sued a Delaware corporation with its principal place of business in Arizona). Because this is a class action, Pure Freight's Illinois residence is not a barrier to removal. *See* 28 U.S.C. § 1453(b) (a "class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought").

18.    **No exceptions apply.** Moreover, this case does not fall within any CAFA exception or exclusion to removal jurisdiction set forth in 28 U.S.C. § 1332(d).

## NOTIFICATIONS

19.    Motive will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

20.    Motive promptly will file a copy of this notice of removal with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER

21.    If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will not have begun to run, and Motive reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

22.    Motive reserves all defenses, exceptions, and objections it may have to this action, without conceding either the Complaint's allegations or that the plaintiffs have pleaded claims upon which relief may be granted.

## CONCLUSION

23.    Motive therefore removes this action from the Chancery Division of the Circuit Court of Cook County, Illinois, and respectfully requests that the action proceed in this Court as a matter properly removed.

Dated: November 13, 2024

Respectfully submitted,

By: */s/ Justin O. Kay*
Justin O. Kay (ARDC No. 6286557)
Ambria D. Mahomes (ARDC No. 6334463)
**FAEGRE DRINKER BIDDLE & REATH
LLP**
320 S. Canal Street, Suite 3300
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
justin.kay@faegredrinker.com
ambria.mahomes@faegredrinker.com

Paul A. Rosenthal
**FAEGRE DRINKER BIDDLE & REATH
LLP**
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7000
Facsimile: (973) 360-9831
paul.rosenthal@faegredrinker.com

*Counsel for Defendant Motive Technologies,
Inc.*

## CERTIFICATE OF SERVICE

Justin O. Kay, an attorney, hereby certifies that on November 13, 2024, he caused the

foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF and

served a copy of the foregoing via First Class Mail:

> William H. Beaumont
> Aaron S. Welo
> BEAUMONT COSTALES LLC
> 107 W. Van Buren Street, Suite 209
> Chicago, IL 60605
> Tel.: (773) 832-8000
> whb@beaumont-law.com
> asw@beaumont-law.com
>
> Eugene Y. Turin
> MCGUIRE LAW, P.C.
> 55 W. Wacker Drive, 9th Floor
> Chicago, IL 60601
> Tel: (312) 893-7002
> eturin@mcgpc.com

/s/ *Justin O. Kay*

# EXHIBIT 1

FILED
6/14/2024 2:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH05618
Calendar, 1
28126997

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

WALTER WILLIAMS, individually and on behalf of other persons similarly situated,

        Plaintiff,

v.

PURE FREIGHT LINES LTD.,

        Defendant.

Case No.: **2024CH05618**

CLASS ACTION COMPLAINT

Plaintiff Walter Williams ("Plaintiff") files the following Class Action Complaint against Defendant Pure Freight Lines Ltd. ("Defendant"):

## **NATURE OF THE ACTION**

1.     This is an action by Plaintiff, individually and on behalf of other persons similarly situated ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.     Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of Defendant.

3.     As past and present workers of Defendant, Plaintiff and class members were required to provide it with their personalized biometric identifiers and the biometric information derived therefrom ("biometric data").

4.     Plaintiff and class members have not been notified where their biometrics are being stored, for how long Defendant will keep the biometrics, and what might happen to this valuable information.

5.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

FILED DATE: 6/14/2024 2:50 PM 2024CH05618

6.      Unlike other forms of personal identification, such as photo IDs or passwords, biometrics are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

7.      If Defendant insists on collecting and storing their workers' biometrics, Defendant must comply with the BIPA. This includes (1) notifying workers the practice is taking place; (2) informing workers of how the practice is implemented; (3) obtaining written consent from the workers to collect and store their biometric data; (4) maintaining their workers' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

8.      Unfortunately for the Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action individually and on behalf of class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over Defendant because Defendant does business extensively in Illinois. Furthermore, Defendant's unlawful conduct herein sued upon occurred in Illinois.

10.     Venue is proper in this Court because Defendant does business in Cook County.

## PARTIES

11.     Plaintiff is an individual subject to the same biometric-collection practices as other of Defendant's workers, outlined in further detail below.

12.     Defendant is a for-profit corporation that is doing business in the state of Illinois.

FILED DATE: 6/14/2024 2:50 PM    2024CH05618

## FACTUAL ALLEGATIONS

13.     Defendant uses biometric cameras to monitor the work of certain workers.

14.     Defendant has a separate biometric camera for each of these workers. This allows Defendant to associate the information from each of its respective biometric cameras with a particular worker.

15.     Upon information and belief, these cameras collect and store the biometric data of Defendant's workers by scanning their facial geometry. For example, the camera would provide a "distracted" alert if Plaintiff changed his facial position after picking up a beverage.

16.     Defendant did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

17.     Defendant did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

18.     Defendant did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff's and class members' biometric data. Likewise, Defendant never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage or use of Plaintiff's unique biometric identifiers and/or biometric information.

19.     Defendant did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

20.     Defendant did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying workers' biometric data.

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

21.     Defendant did not disclose to Plaintiff or class members, in writing, the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric data.

## CLASS ACTION ALLEGATIONS

22.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendant collected or stored*
>
> *in Illinois."*

23.     Class treatment in this case is appropriate because:

(a) Pursuant to 735 ILCS 5/2-801 (1), the number of persons within the class is believed to amount to more than forty persons. It is, therefore, impractical to join each member of the class as a named Plaintiff. Further, the size and relatively modest value of the claims of the individual members of the class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the class is ascertainable and identifiable from Defendant's records.

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

  i.  whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

    ii.   whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class' biometric identifiers and/or biometric information;

    iii.   whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

    iv.   whether Defendant destroyed Plaintiff's and the Class' biometric identifiers and/or biometric information once that information was no longer needed for the purpose for which it was originally collected; and

    v.   whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

(c) Given the fact that Defendant's workers will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendant have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

members, the Defendant and the Court. Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor Plaintiff's counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendant. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

24.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>**COUNT I**</u>
<u>**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**</u>

25.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

26.     Defendant recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendant collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

27.     Defendant violated Section 14/15(a) of the Act by failing to develop and/or make public its written retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA.

28.     Defendant violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

> (a) The biometric data was being recorded, obtained, collected, or stored; and

> (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

29.     Defendant's conduct is at best negligent and at worst reckless.

30.     Accordingly, Defendant is liable to Plaintiff and class members in the amount of liquidated damages. 740 ILCS § 14/20(1).

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

## PRAYER FOR RELIEF

Plaintiff asks the court to enter judgment in Plaintiff's favor against Defendant and issue

an order:

a. Certifying this case as a class action, naming Plaintiff as class representative and Plaintiff's counsel as class counsel;

b. Declaring that Defendant has violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c. Awarding statutory damages of $5,000 for each willful or reckless violation of the Act, $1,000 for each negligent violation of the Act;

d. Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

e. Awarding reasonable attorneys' fees and costs of this action;

f. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

g. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

William H. Beaumont (#6323256)
Aaron S. Welo (#6341591)
BEAUMONT LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 832-8000
whb@beaumont-law.com
asw@beaumont-law.com
*Attorneys for Plaintiff*

8

FILED DATE: 6/14/2024 2:50 PM   2024CH05618

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| WALTER WILLIAMS, individually and on behalf of other persons similarly situated, | Case No.: |
| Plaintiff, | |
| v. | SUPREME COURT RULE 222(B) DAMAGES AFFIDAVIT |
| PURE FREIGHT LINES LTD., | |
| Defendant. | |

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that this civil action seeks in excess of $50,000 on behalf of the Plaintiff and the proposed Class.

*Respectfully submitted,*

*/s/ William H. Beaumont*

William H. Beaumont (#6323256)
Aaron S. Welo (#6341591)
BEAUMONT LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 832-8000
whb@beaumont-law.com
asw@beaumont-law.com
*Attorneys for Plaintiff*

EXHIBIT 2

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | **SUMMONS** | *For Court Use Only* |
|---|---|---|
| Cook COUNTY | | FILED 10/16/2024 1:28 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2024CH05618 Calendar, 1 29802812 |

| **Instructions ▼** | WALTER WILLIAMS | |
|---|---|---|
| Enter above the county name where the case was filed. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | v. | |
| Enter the names of all people you are suing as Defendants/ Respondents. | MOTIVE TECHNOLOGIES, INC. **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | |

| **IMPORTANT INFORMATION:** | There may be court fees to start or respond to a case. If you are unable to pay your court fees, you can apply for a fee waiver. You can find the fee waiver application at: illinoiscourts.gov/documents-and-forms/approved-forms/.

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit illinoislegalaid.org.

Call or text Illinois Court Help at 833-411-1121 for information about how to go to court including how to fill out and file forms. You can also get free legal information and legal referrals at illinoislegalaid.org. |
|---|---|

| **Plaintiff/Petitioner:** | Do not use this form in an eviction, small claims, detinue, divorce, or replevin case. Use the *Eviction Summons*, *Small Claims Summons*, or *Summons Petition for Dissolution of Marriage / Civil Union* available at illinoiscourts.gov/documents-and-forms/approved-forms. If your case is a detinue or replevin, visit illinoislegalaid.org for help.

If you are suing more than 1 Defendant/Respondent, fill out a *Summons* form for each Defendant/Respondent. |
|---|---|

**1. Defendant/Respondent's address and service information:**

| In **1a**, enter the name and address of a Defendant/ Respondent. If you are serving a Registered Agent, include the Registered Agent's name and address here. | a. Defendant/Respondent's primary address/information for service: Name *(First, Middle, Last)*: MOTIVE TECHNOLOGIES, INC. Registered Agent's name, if any: INCORPORATING SERVICES, LTD. Street Address, Unit #: 3500 S. DUPONT HWY City, State, ZIP: DOVER, DE 19901 Telephone: 302-531-0855     Email: _____ |
|---|---|
| In **1b**, enter a second address for Defendant/ Respondent, if you have one. | b. If you have more than one address where Defendant/Respondent might be found, list that here: Name *(First, Middle, Last)*: _____ Street Address, Unit #: _____ City, State, ZIP: _____ Telephone: _____     Email: _____ |
| In **1c**, check how you are sending your documents to Defendant/ Respondent. | c. Method of service on Defendant/Respondent: ☐ Sheriff     ☐ Sheriff outside Illinois: _____ *County & State* ☐ Special process server     ☑ Licensed private detective |

SU-S 1503.2                    Page 1 of 4                    (06/21)

2024CH05618

Enter the Case Number given by the Circuit Clerk: _____

FILED DATE: 10/16/2024 1:28 PM 2024CH05618

| | |
|---|---|
| In **2**, enter the amount of money owed to you. | **2.** **Information about the lawsuit:** <br> Amount claimed: $ _____ |
| In **3**, enter your complete address, telephone number, and email address, if you have one. | **3.** **Contact information for the Plaintiff/Petitioner:** <br> Name *(First, Middle, Last)*:  William H. Beaumont <br> Street Address, Unit #:  107 W. Van Buren, Suite 209 <br> City, State, ZIP:  Chicago, IL 60605 <br> Telephone:  (773) 832-8000   Email:  whb@beaumont-law.com |

**GETTING COURT DOCUMENTS BY EMAIL:** You should use an email account that you do not share with anyone else and that you check every day. If you do not check your email every day, you may miss important information, notice of court dates, or documents from other parties.

| | |
|---|---|
| **Important information for the person getting this form** | You have been sued. Read all of the documents attached to this *Summons*. <br> To participate in the case, you must follow the instructions listed below. If you do not, the court may decide the case without hearing from you and you could lose the case. *Appearance* and *Answer/Response* forms can be found at: illinoiscourts.gov/documents-and-forms/approved-forms/. |

**4.** **Instructions for person receiving this Summons (Defendant):**

| | |
|---|---|
| Check **4a** or **4b**. If Defendant/Respondent only needs to file an *Appearance* and *Answer/Response* within 30 days, check box **4a**. Otherwise, if the clerk gives you a court date, check box **4b**. | ☑ a. To respond to this *Summons,* you must file *Appearance* and *Answer/Response* forms with the court within 30 days after you have been served (*not counting the day of service*) by e-filing or at: <br> Address:  50 West Washington - Suite 1001 <br> City, State, ZIP:  Chicago, IL 60602 |
| In **4a**, fill out the address of the court building where the Defendant may file or e-file their *Appearance* and *Answer/ Response*. | ☐ b. Attend court: <br> On: _____ at _____ ☐ a.m. ☐ p.m. in _____ <br>      *Date*        *Time*            *Courtroom* <br> **In-person at:** <br> _____ <br> *Courthouse Address*    *City*        *State*    *ZIP* <br> OR |
| In **4b**, fill out: <br> •The court date and time the clerk gave you. <br> •The courtroom and address of the court building. <br> •The call-in or video information for remote appearances (if applicable). <br> •The clerk's phone number and website. All of this information is available from the Circuit Clerk. | **Remotely** (You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance"): <br> By telephone: _____ <br>        *Call-in number for telephone remote appearance* <br> By video conference: _____ <br>             *Video conference website* <br> _____ <br> *Video conference log-in information (meeting ID, password, etc.)* <br> Call the Circuit Clerk at: _____ or visit their website <br>              *Circuit Clerk's phone number* <br> at: _____ to find out more about how to do this. <br>   *Website* |

| | |
|---|---|
| **STOP!** The Circuit Clerk will fill in this section. | **Witness this Date:** _____ |
| | **Clerk of the Court:** _____ 10/16/2024 1:28 PM IRIS Y. MARTINEZ |
| **STOP!** The officer or process server will fill in the Date of Service. | **This *Summons* must be served within 30 days of the witness date.** <br> Date of Service: _____ <br>    *(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant or other person.)* |

SU-S 1503.2                    Page 2 of 4                    (06/21)

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Cook _____ COUNTY | **PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | WALTER WILLIAMS<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>MOTIVE TECHNOLOGIES, INC.<br>**Defendant / Respondent** *(First, middle, last name)* | **2024CH05618** |
| Enter the Case Number given by the Circuit Clerk. | ☐ **Alias Summons** *(Check this box if this is not the 1st Summons issued for this Defendant.)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff or special process server will fill in the form.\*\***

My name is _____ and I state
*First, Middle, Last*

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____

☐ On someone else at the Defendant/Respondent's home who is at least 13 years old and is a family member or lives there:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address, Unit#: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
Male ☐ Female ☐ Non-Binary ☐ Approx. Age: _____ Race: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

FILED DATE: 10/16/2024 1:28 PM 2024CH05618

Enter the Case Number given by the Circuit Clerk: _____

☐ **I was not able to serve the *Summons* and Complaint/Petition on Defendant/Respondent:**

_____
*First, Middle, Last*

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

1.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

2.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

3.  On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
    Address: _____
    City, State, ZIP: _____
    Other information about service attempt: _____
    _____
    _____
    _____
    _____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff or private process server will complete it. | **If you are a special process server, sheriff outside Illinois, or licensed private detective, your signature certifies that everything on the *Proof of Service of Summons* is true and correct to the best of your knowledge. You understand that making a false statement on this form could be perjury.** |

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

**By:**

_____
*Signature by:*  ☐ Sheriff
                 ☐ Sheriff outside Illinois:

_____
*County and State*
☐ Special process server
☐ Licensed private detective

_____
*Print Name*

**FEES**

Service and Return:  $ _____
Miles _____  $ _____
Total                $ 0.00

If *Summons* is served by licensed private detective or private detective agency:
License Number: _____

FILED DATE: 10/16/2024 1:28 PM  2024CH05618

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
10/16/2024 1:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH05618
Calendar, 1
29802812

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

WALTER WILLIAMS, individually and on
behalf of other persons similarly situated,

Plaintiff,

v.

PURE FREIGHT LINES LTD., an Illinois
Corporation, and MOTIVE
TECHNOLOGIES, INC., a Delaware
Corporation,

Defendants.

Case No.: 2024CH05618

Hon. Thaddeus L. Wilson

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Walter Williams ("Plaintiff"), individually and on behalf of other similarly situated individuals, bring this First Amended Class Action Complaint against Defendants Motive Technologies, Inc., ("Motive") and Pure Freight Lines, LTD ("Pure Freight") (together, "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face geometry, retina scans, and iris scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

1

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

2.      This case concerns the unauthorized collection of individuals' biometrics by Defendants through the use of Artificial-Intelligence ("AI") powered in-cabin monitoring systems.

3.      Defendant Motive manufactures, sells, and operates on behalf of its customers artificial intelligence powered cameras that utilize facial biometric scanning to monitor truck drivers' actions while they are operating their vehicles.

4.      Defendant Motive's biometric cameras captured, collected, and otherwise used the biometrics of Plaintiff and other Class members who were truck drivers subject to such monitoring without their informed written consent as required by law.

5.      Defendant Pure Freight is an Illinois-based trucking company that delivers freight throughout the state of Illinois and elsewhere throughout the country. Pure Freight utilizes Motive's AI powered biometric cameras to monitor its truck driver employees, including Plaintiff, and required them to undergo such monitoring as part of their employment.

6.      BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

> (1)   inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

> (2)   inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

> (3)   receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

2

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

(4)     publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

7.      Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

8.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

9.      The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

10.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating his state biometric privacy rights.

11.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

12.     Defendant Motive Technologies, Inc. is a Delaware Corporation that conducts substantial business and sells and implements its biometrically enabled cameras throughout Illinois, including in this County.

3

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

13.     Defendant Pure Freight Lines, Ltd. is an Illinois Corporation, that conducts substantial business throughout Illinois, including in this County.

14.     At all relevant times, Plaintiff Walter Williams has been a resident and citizen of the State of Illinois and has had his facial biometrics collected by Defendants in this state.

### JURISDICTION AND VENUE

15.     This Court may assert personal jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendants are doing business within this State and because Plaintiff's claims arise out of Defendants' unlawful in-state actions, as Defendants possessed, captured, collected, stored, and used Plaintiff's facial biometric identifiers and/or biometric information in this State.

16.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101, because Defendants are doing business in Cook County and thus reside there under § 2-102 and because certain of the transactions out of which this cause of action arises occurred in Cook County as Plaintiff and other class members had their facial biometrics collected by Defendants in Cook County.

### COMMON ALLEGATIONS OF FACT

17.     With advancements in AI and facial biometric technology, different industries have been turning to implementing such technology to maximize profits by remotely monitoring their employees.

18.     Defendant Motive is a provider of in-cabin monitoring systems for trucking companies and provides its technology to allow trucking companies to remotely monitor their truck drivers for any signs that they may not be performing as expected.

19.     Specifically, Motive's camera monitoring system incorporates both outward facing cameras that use AI technology to detect and record any potentially dangerous driving

4

situations, as well as inward facing cameras that use AI and facial biometric technology to monitor the truck drivers themselves for any signs of unsafe driving or what Motive's customers might determine to be improper behavior.[1]

20.     Evidencing that Motive's cameras collected drivers' facial biometrics in order to monitor their driving is Motive's own promotional materials that note that its cameras use "facial recognition" such that once a driver "hops in the truck we are good to go."[2]

21.     Furthermore, Motive's cameras are specifically marketed as being able to detect the driver's face and determine whether they are "distracted," "using a cellphone," or even are yawning.[3]

22.     The only way that Motive's cameras are able to automatically identify and record such events is by continuously scanning the drivers' facial geometry to determine the location of their eyes in relation to the rest of their facial features as well as the location of their mouth, nose, and ears to determine where they are looking and what they are doing and/or if there is any object covering their face.

23.     Whenever Motive's cameras detect what is programmed to constitute an "unsafe" event, they automatically trigger an alert sent to Defendant's customer, such as Defendant Pure Freight. Each Motive camera is programmed to be associated with the particular driver that is being monitored, so that each event is connected to a specific driver so that they can be "coached" on their driving behavior.[4]

---

[1] *See* https://gomotive.com/; https://www.youtube.com/watch?v=RlRZN0rcNXY;
[2] https://www.youtube.com/watch?v=OYXASjLv5E0 at 1:29;
https://www.youtube.com/watch?v=6ENRBYWQGWw at 0:17.
[3] https://www.youtube.com/watch?v=SqYRRX95cF4 at 0:57;
https://www.youtube.com/watch?v=6NVtYWlrUac at 0:50.
[4] https://www.youtube.com/watch?v=VeErPXF30js.

5

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

FILED DATE: 10/16/2024 1:28 PM 2024CH05618

24.     While Motive's biometrically enabled cameras are utilized in hundreds of trucks driven in Illinois, including trucks operated by Defendant Pure Freight, Defendants never informed Plaintiff or the other truck drivers subject to their monitoring in Illinois that their biometrics were being recorded, stored, and/or used, or the purpose and length of term for which their biometric data would be collected, stored, and/or used.

25.     Nor did Defendants publish any written policy about their collection, retention, use, or deletion of biometrics.

26.     Defendants also did not seek, and Plaintiff and the other drivers subject to their biometric monitoring in Illinois, never provided, any written consent relating to the collection, use, or storage of their facial biometrics through Motive's AI powered biometric cameras.

## FACTS SPECIFIC TO PLAINTIFF

26.     Plaintiff worked as a truck driver for Pure Freight during 2023.

27.     During his time as a truck driver, the truck that Plaintiff drove was equipped with a Motive camera provided and operated by Defendant Motive. As part of his employment Plaintiff was required by Pure Freight to undergo biometric monitoring through the Motive cameras that Pure Freight installed in its trucks.

28.     As soon as Plaintiff would begin driving his truck, Motive's camera would begin to scan and analyze his facial biometrics to determine if he was engaged in any unsafe driving behavior.

29.     Critically, at no point was Plaintiff informed that Defendants were collecting his facial biometrics, nor did Plaintiff provide any form of written consent to Defendants to collect his facial biometrics.

6

FILED DATE: 10/16/2024 1:28 PM    2024CH05618

## CLASS ALLEGATIONS

36.    Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class and Subclass defined as follows:

> Class: All individuals who were employed as drivers in Illinois during the relevant statute of limitations who were subject to Motive Technologies, Inc.'s in-cabin camera monitoring system within the State of Illinois.

> Subclass: All individuals who were employed as drivers for Pure Freight Lines, Ltd. in Illinois during the relevant statute of limitations who were subject to Motive Technologies, Inc.'s in-cabin camera monitoring system within the State of Illinois.

37.    Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

38.    Upon information and belief, there are hundreds of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiff, the members can be easily identified through Defendants' records of its customers' drivers.

39.    Plaintiff's claims are typical of the claims of the members of the Class and Subclass he seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class and Subclass. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

7

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

40.     There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members. Common questions for the Class and Subclass include, but are not limited to, the following:

- Whether the Motive camera monitoring system collected drivers' facial biometrics;

- Whether Defendants' conduct is subject to BIPA;

- Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

- Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

- Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

- Whether Defendants' conduct violates BIPA;

- Whether Defendants' conduct is negligent;

- Whether Defendants' violations of BIPA are willful or reckless; and

- Whether Plaintiff and the Class and Subclass are entitled to damages and injunctive relief.

41.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple

8

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

42.     Plaintiff will adequately represent and protect the interests of the members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class and Subclass.

43.     Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

<u>**COUNT I**</u>
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class and Subclass against Defendants)**

44.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.     Defendants are private entities under BIPA. 740 ILCS 14/10.

46.     BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a

9

biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

47.    BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

48.    Defendants collected, captured, or otherwise obtained Plaintiff's and the other Class and Subclass members' facial "biometric identifiers" every day that they drove a truck equipped with a Motive in-cabin monitoring camera.

49.    Each instance Plaintiff and the other Class and Subclass members drove while Motive's in-cabin biometric cameras were installed in their vehicles, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class and Subclass members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

50.    Defendants' practices with respect to capturing, collecting, storing, and using biometrics fails to comply with the following applicable BIPA requirements:

a.    Defendants failed to inform Plaintiff and the members of the Class and Subclass in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

10

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

b.    Defendants failed to inform Plaintiff and the members of the Class and Subclass in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.    Defendants failed to inform Plaintiff and the members of the Class and Subclass in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.    Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.    Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics were stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a); and

51.    Defendants knew, or were reckless in not knowing, that the Motive cameras that Plaintiff and the other Class and Subclass members were monitored through to would be subject to the provisions of BIPA given that they were used within the state of Illinois, yet wholly failed to comply with the statute.

52.    By capturing, collecting, storing, and using Plaintiff's and the Class and Subclass' biometrics as described herein, Defendants denied Plaintiff and the Class and Subclass their right to statutorily-required information and violated their respective rights to privacy in their biometric information, as set forth in BIPA.

11

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

53.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1).

54.     Defendants' violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

55.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class and Subclass, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class and Subclass, respectfully requests that this Court enter an Order:

  a.     Certifying the Class and Subclass as defined above, appointing Plaintiff as a class representative and the undersigned as class counsel;

  b.     Declaring that Defendants' actions, as set forth herein, violate BIPA;

  c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class and Subclass by requiring Defendants to comply with BIPA's requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

  d.     Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

  e.     Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

12

FILED DATE: 10/16/2024 1:28 PM   2024CH05618

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.    Awarding pre- and post-judgment interest, as allowable by law; and

h.    Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: October 16, 2024

Respectfully Submitted,

WALTER WILLIAMS, individually and on behalf of similarly situated individuals

By:   */s/ William H. Beaumont*
      *One of Plaintiff's Attorneys*

William H. Beaumont (#6323256)
Aaron S. Welo (#6341591)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 832-8000
whb@beaumont-law.com
asw@beaumont-law.com

Eugene Y. Turin
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

13

EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WALTER WILLIAMS, individually and on
behalf of other persons similarly situated,

       Plaintiff,

    v.

PURE FREIGHT LINES LTD., an Illinois
corporation, and MOTIVE TECHNOLOGIES,
INC., a Delaware Corporation,

       Defendants.

Case No. _____

(Illinois Circuit Court, Cook County,
Case No. 2024-CH-05618)

## PURE FREIGHT'S CONSENT TO REMOVAL

PLEASE TAKE NOTICE that on November 13, 2024, Defendant Motive Technologies, Inc. filed a Notice of Removal with this Court. Pursuant to 28 U.S.C. §§ 1446(b)(2)(C) and 1453(b), Defendant Pure Freight Lines Ltd., by and through undersigned counsel, hereby consents to the removal of this action from the Chancery Division of the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated:  November 13, 2024

*/s/ John C. Ochoa*
Molly A. Arranz (#628112)
John C. Ochoa (#6302680)
Michael M. Chang (#6323721)
**AMUNDSEN DAVIS, LLC**
150 N. Michigan Avenue, Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
Fax: (312) 894-3210
marranz@amundsendavislaw.com
jochoa@amundsendavislaw.com
mchang@amundsendavislaw.com

*Attorneys for Defendant Pure Freight Lines Ltd.*